UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Matthew Lieber and Erin Lieber, Individually and as Representatives of the Estate of Jackson Lieber, Deceased,<br>*Plaintiffs,*<br><br>v.<br><br>Esteban Gomez-Sanchez,<br>*Defendant.* | No. Case Number 1:23-cv-181 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiffs, Matthew Lieber and Erin Lieber, Individually and as Representatives of the Estate of Jackson Lieber, deceased, bring this action against Esteban Gomez-Sanchez for damages pursuant to 42 U.S.C. §1981, §1983 and § 1988, the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and under 28 U.S.C. §1367(a).

Officer Gomez-Sanchez, while acting under the color of law, under no imminent threat to himself, shot and killed Jackson Lieber, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

Plaintiffs herein comply with the pleading requirements of FRCP Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 129 S.Ct. 1937, 1949 (2009) that "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

## I. PARTIES

1.1 Plaintiff, Matthew Lieber, is a citizen of the United States of America, is an individual residing in Arizona, and is the father of Jackson Lieber. He brings this claim in his individual capacity as a statutory wrongful death beneficiary and as an heir to the Estate of Jackson Lieber pursuant to Texas Civil Practices and Remedies Code §§ 71.002 *et. seq.* and § 71.021.

1.2 Plaintiff, Erin Lieber, is a citizen of the United States of America, is an individual residing in Travis County, Texas and is the mother of Jackson Lieber. She brings this claim in her individual capacity as a statutory wrongful death beneficiary and as an heir to the Estate of Jackson Lieber pursuant to Texas Civil Practices and Remedies Code §§ 71.002 *et. seq.* and § 71.021.

1.3 Defendant, Esteban Gomez-Sanchez, was, at all times relevant to this cause of action, a duly appointed and acting officer of the Liberty Hill Police Department and working within the course and scope of his employment with the Liberty Hill Police Department. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiff will request service of process pursuant to FRCP 4(e) upon Defendant.

## II. JURISDICTION AND VENUE

2.1 42 U.S.C. §1983 and 42 U.S.C. §1988 provide jurisdiction over Plaintiffs' constitutional claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).

2.2 Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States.

2.3 This Court also has pendent jurisdiction over all other claims asserted under the laws of the State of Texas, pursuant to 28 U.S.C. §1367(a).

2.4     Venue is proper in the Western District of Texas, Austin Division, as this is the district where the claim arose in accordance with 28 U.S.C. §1391(b)(1) and (2).

### III. DUTY AND LAW APPLICABLE

3.1     Jackson Lieber was subjected to excessive force in violation of his rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

3.2     Plaintiffs commence this action pursuant to 42 U.S.C. §1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

3.3     Defendant Gomez-Sanchez, acting under the color of law, is liable under 42 U.S.C. §1983.

3.4     Defendant Gomez-Sanchez is liable to Plaintiffs because he used excessive force against Jackson Lieber, in violation of Lieber's rights under the Fourth and Fourteenth Amendments.

### IV. FACTUAL ALLEGATIONS

4.1     On or about January 18, 2023, at approximately 3:00 P.M., Jackson Lieber was in Liberty Hill, Texas, at or near 750 Ranch Road 1869.

4.2     At that time and location, by understanding and belief, the following occurred: Jackson Lieber was involved in a minor vehicle collision, whereby the vehicle in which he was traveling struck a mailbox. Thereafter, perhaps in an effort to seek assistance, Jackson Lieber went on or near the property at 750 Ranch Road 1869. He was unarmed. For unknown reasons, an argument between Lieber and some residents of the property ensued, and the some of the residents used physical force to restrain and subdue Lieber. They were able to do so without using lethal

force against Lieber. Shortly thereafter, police officers from the Williamson County Sheriff's Office and Liberty Hill Police Department arrived at the location. While at the property, Liberty Hill Officer Esteban Gomez-Sanchez shot Jackson Lieber two times. According to his Certificate of Death, Jackson Lieber died later that day at St. David's Round Rock Hospital.

4.3   At the time of the shooting, Jackson Lieber did not pose a threat to Gomez-Sanchez. Lieber was unarmed and physically unimposing. The use of lethal force by Gomez-Sanchez was excessive to the need at the time the action was taken.

## V. CAUSES OF ACTION

5.1   Defendant Gomez-Sanchez, while acting under color of law, used objectively unreasonable force against Jackson Lieber by shooting him. Said actions violated Jackson Lieber's Fourth Amendment right to be free from the use of excessive force.

5.2   Jackson Lieber, if he committed any crime, it may have been the nonviolent crime of trespassing, was unarmed, and did not pose a threat to Defendant Gomez-Sanchez or the general public at the time of the shooting.

5.3   The need for such force was non-existent and there were no circumstances that justified Defendant Gomez-Sanchez shooting Jackson Lieber.

5.4   Plaintiffs plead that Defendant Gomez-Sanchez used excessive force in the course of the interaction and/or other "seizure" of a free citizen, such as Jackson Lieber. in violation of the Fourth Amendment and its "reasonableness" standard. Said actions resulted directly and only from the intentional use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

5.5   Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting Defendant Gomez-Sanchez without regard to the underlying intent

or motivation. Clearly, careful attention to the facts and circumstances of this case demonstrates the unreasonableness of said actions. For these reasons, it was objectively unreasonable for Defendant Gomez-Sanchez to shoot Jackson Lieber.

5.6   Defendant Gomez-Sanchez's wrongful acts were wanton, malicious, and done with the specific intent to cause substantial injury to Jackson Lieber rendering appropriate the award of punitive damages against the Defendant.

## VI. DAMAGES

6.1   Defendant deprived Jackson Lieber of his civil rights under the United States Constitution and under federal law.  Moreover, these acts and omissions by Defendant were the moving force behind the injuries to Jackson Lieber and damages to Plaintiffs. Those same acts and/or omissions proximately caused and/or were the moving force behind the wrongful death of Jackson Lieber.  Accordingly, Plaintiffs Matthew Lieber and Erin Lieber Individually and as Representative of the Estate of Jackson Lieber, assert claims under 42 U.S.C. § 1983 and the Texas wrongful death and survivorship statutes.

6.2   Plaintiffs, Matthew Lieber and Erin Lieber, as Representative of the Estate of Jackson Lieber, in their capacities as statutory heirs asserting survival claims on behalf of Jackson Lieber's Estate, have incurred damages including, but not limited to, the following:

- Physical pain and mental anguish suffered by Jackson Lieber prior to his death; and
- Funeral and burial expenses.

6.3   Plaintiff, Matthew Lieber, in his individual capacity asserting a wrongful death claim, has incurred damages including, but not limited to, the following:

- Past and future mental anguish; and

- Past and future loss of companionship, society, services, and affection with his son.

6.4    Plaintiff, Erin Lieber, in her individual capacity asserting a wrongful death claim, has incurred damages including, but not limited to, the following:

- Past and future mental anguish; and
- Past and future loss of companionship, society, services, and affection with her son.

6.5    Plaintiffs have suffered severe mental pain and suffering. Plaintiffs' alleged damages are in excess of the minimal jurisdictional limits of this Court and were proximately caused by the actions and omissions of Defendant.

### VII. EXEMPLARY DAMAGES

7.1    The actions of Defendant Esteban Gomez-Sanchez justify an award of exemplary damages due to his conduct. Specifically, Gomez-Sanchez evidenced conscious indifference to the rights, safety and welfare of others in the manner he acted and the choices he made at the time of the incident in question.

7.2    The acts and/or omissions of Gomez-Sanchez are of such a character to rise to the level of gross negligence. Furthermore, Plaintiffs would show that the acts and/or omissions of Gomez-Sanchez were carried out with a conscious disregard for an extreme danger of risk and the rights of others and with actual awareness on the part of Gomez-Sanchez that his acts would, in reasonable probability, result in serious personal injury or death. Gomez-Sanchez engaged in acts or omissions that, when viewed objectively from the standpoint of Gomez-Sanchez at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm and/or death to Jackson Lieber.

## VIII. ATTORNEY'S FEES

8.1     Plaintiffs have been required to retain the services of attorneys to represent them in this complex and difficult proceeding and cause of action. Plaintiffs have retained the undersigned attorneys to represent them, and pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, they are entitled to recover for their reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the case is appealed to that Court, and in the Supreme Court of the United States, if necessary.

## IX. JURY DEMAND

9.1     Plaintiffs respectfully demand a trial by jury.

## X.  REQUEST FOR DISCLOSURE

10.1    Plaintiffs invoke FRCP 26, and Defendant is required to make the initial Disclosures described in FRCP 26(a)(1)(A).

## PRAYER

For these reasons, Plaintiffs ask for judgment against Defendant for the following:

a. Trial by jury on all issues triable to a jury;

b. Judgment against Defendant on behalf of the Plaintiffs for actual damages pursuant to 42 U.S.C. §1983;

c. Statutory and reasonable attorney fees pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, pre-judgment interest, post-judgment interest, and all of their costs herein expended;

d. Judgment against Defendant Gomez-Sanchez for exemplary damages; and

e. Any and all additional relief to which the Plaintiffs may appear to be entitled.

Filed this 15th day of February 2023.

                        Respectfully submitted,

                        **DC LAW, PLLC**

                        1012 W. Anderson Lane
                        Austin, Texas 78757
                        (512) 220-1800 Telephone
                        (512) 220-1801 Facsimile

                        By: /s/ Robert L. Ranco
                        Robert L. Ranco
                        SBN: 24029785
                        Robert@texasjustice.com
                        Mark Pierce
                        SBN: 15995500
                        Mark@texasjustice.com
                        *Attorneys for Plaintiffs*